# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAVIER RAMIREZ-RIVERA,

    Petitioner,

    v.

THE UNITED STATES OF AMERICA, et al.,

    Respondents.

Case No. 2:19-cv-00542-APG-PAL

**ORDER**

    The respondents filed a combined response to the petition for a writ of habeas corpus and to the emergency motion for stay of deportation.

    Petitioner Javier Ramirez-Rivera entered the United States without authorization. He alleges his U.S. citizen father petitioned for adjustment of Ramirez-Rivera's status, which was approved. Additionally, his U.S. citizen wife has an approvable petition for adjustment of his status. However, Ramirez-Rivera has two criminal convictions that the Board of Immigration Appeals has determined are removable, controlled-substance offenses under 8 U.S.C. § 1227(a)(2)(B)(i).[1] First is a conviction for simple possession of 30 grams or less of marijuana. A single conviction of this can be waived as grounds for removal. 8 U.S.C. § 1182(h).[2] Second is a conviction for possession of drug paraphernalia under Nev. Rev. Stat. § 453.566. The Board of Immigration Appeals determined that the drug-paraphernalia conviction was a controlled-substance offense. Consequently, Ramirez-Rivera was ineligible for a § 1182(h) waiver. *See* Petition, Ex. 2 (ECF No. 1-3).

---

[1] "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."

[2] The text of § 1227(a)(2)(B)(i), quoted in footnote 1, also notes that a single conviction for simple possession of 30 grams or less of marijuana is not a removable offense.

1

Ramirez-Rivera contends that the Board of Immigration Appeals violated the Due Process Clause of the Fifth Amendment because it found him removable for an offense that the statute did not authorize as removable. In *Mellouli v. Lynch*, 135 S. Ct. 1980 (2015), the Supreme Court reviewed whether a drug-paraphernalia conviction is a removable controlled-substance offense under § 1227(a)(2)(B)(i). The Court held:

> [C]onstruction of § 1227(a)(2)(B)(i) must be faithful to the text, which limits the meaning of "controlled substance," for removal purposes, to the substances controlled under [21 U.S.C.] § 802. We therefore reject the argument that any drug offense renders an alien removable, without regard to the appearance of the drug on a § 802 schedule. Instead, to trigger removal under § 1227(a)(2)(B)(i), the Government must connect an element of the alien's conviction to a drug "defined in [§ 802]."

135 S. Ct. at 1990-91. Applying *Mellouli*, the Ninth Circuit has held that Nev. Rev. Stat. § 453.566 also is not categorically a removable controlled-substance. *Madrigal-Barcenas v. Lynch*, 797 F.3d 643, 645 (9th Cir. 2015).

If Ramirez-Rivera is correct, then his drug-paraphernalia conviction is not a removable offense. His marijuana-possession conviction would be eligible for waiver under § 1182(h), or it is not a removable offense under § 1227(a)(2)(B)(i). The petitions to adjust his status then would become approvable. If the petitions are approved, he would be allowed to stay in the United States.

In determining whether to grant a stay, the "court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Ramirez-Rivera has made a strong showing that he is likely to succeed on the merits. *Mellouli* and *Madrigal-Barcenas* appear to be squarely on point to Ramirez-Rivera's case.

Ramirez-Rivera has made a showing that he would be irreparably injured absent a stay. According to him, prior counsel did not present the *Mellouli* claim to the Board of Immigration Appeals. ECF No. 2, at 11. Then, after the Board of Immigration Appeals denied relief, prior

2

counsel did not inform Ramirez-Rivera of the decision until the time to seek judicial review in the Ninth Circuit expired.[3] *Id*. at 12. Removal from the United States would be a harsh consequence in these circumstances.

A stay would not injure the respondents. The respondents state that they will not proceed with removal while the Board of Immigration Appeals considers Ramirez-Rivera's *Mellouli* claim. Ramirez-Rivera currently is on release from detention on his own recognizance. The respondents would not suffer any prejudice in these circumstances.

Finally, the public interest lies in Ramirez-Rivera's favor. He should be allowed to complete his appeal before removal.

All four factors favor a stay of the removal. Therefore, I will grant Ramirez-Rivera's emergency motion.

The respondents note that Ramirez-Rivera's current counsel has filed a notice of appearance in the immigration proceedings, but has not yet filed a motion raising the *Mellouli* claim. The respondents suggest that I stay this action while Ramirez-Rivera presents his *Mellouli* claim to the Board of Immigration Appeals. I will give Ramirez-Rivera the opportunity to file a reply that addresses the respondents' suggestion.

IT THEREFORE IS ORDERED that petitioner Ramirez-Rivera's emergency motion for stay of deportation **(ECF No. 2) is GRANTED**. The respondents shall not deport or otherwise remove petitioner Javier Ramirez-Rivera from the United States pending further order of this court.

IT FURTHER IS ORDERED that Ramirez-Rivera shall file a reply to the respondents' combined response (ECF No. 9) by 12:00 Noon PDT on Monday, April 8, 2019.

DATED: April 5, 2019.

                                                    ANDREW P. GORDON
                                                    United States District Judge

---

[3] Indeed, according to petitioner learned of the decision only when the Board of Immigration Appeals itself informed him of the decision months later.

3