# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAVIER RAMIREZ-RIVERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Respondents. | Case No. 2:19-cv-00542-APG-PAL<br><br>**ORDER** |

Petitioner Javier Ramirez-Rivera has filed a reply to the response. ECF No. 12. I will stay this action while Ramirez-Rivera pursues his administrative remedies.

Ramirez-Rivera is a Mexican citizen who entered the United States without authorization. He is removable from the United States for that reason. Ramirez-Rivera also has two criminal convictions that immigration authorities have ruled also make him removable from the United States. *See* 8 U.S.C. § 1227(a)(2)(B)(i). One conviction is for misdemeanor possession of 30 grams or less of marijuana. The second conviction is for misdemeanor possession of drug paraphernalia.

According to Ramirez-Rivera, he has a path to remaining in the United States. First, he must obtain a ruling that the conviction for misdemeanor possession of drug paraphernalia is not a removable offense. Second, he must obtain a waiver of the conviction of misdemeanor possession of 30 grams or less of marijuana as a removable offense. *See* 8 U.S.C. § 1182(h).[1] Third, once those obstacles are set aside, he must obtain a favorable decision on the petitions to adjust his status.

The Supreme Court has held that, under the categorical approach, a Kansas conviction for possession of drug paraphernalia is not a removable offense. *Mellouli v. Lynch*, 130 S. Ct. 1980 (2015). The Ninth Circuit has held that, under the categorical approach, a Nevada conviction for

---

[1] Alternatively, his conviction for misdemeanor possession of 30 grams or less of marijuana might not be a removable offense. *See* 8 U.S.C. § 1227(a)(2)(B)(i).

1

possession of drug paraphernalia is not a removable offense. *Madrigal-Barcenas v. Lynch*, 797 F.3d 643 (9th Cir. 2015).[2] The Supreme Court in *Mellouli* described the categorical approach:

> Because Congress predicated deportation "on convictions, not conduct," the approach looks to the statutory definition of the offense of conviction, not to the particulars of an alien's behavior. . . . The state conviction triggers removal only if, by definition, the underlying crime falls within a category of removable offenses defined by federal law. . . . An alien's actual conduct is irrelevant to the inquiry, as the adjudicator must "presume that the conviction rested upon nothing more than the least of the acts criminalized" under the state statute.

*Mellouli*, 135 S. Ct. at 1986 (citations omitted). A conviction for possession of drug paraphernalia in Kansas, as in *Mellouli*, or in Nevada, as in *Madrigal-Barcenas*, is not a removable offense under the categorical approach because the state schedules of controlled substances in both Kansas and Nevada list substances that the federal schedules of controlled substances do not list. 135 S. Ct. at 1988, 797 F.3d at 645. Instead, the conviction for possession of drug paraphernalia must have some connection to a drug listed in the federal schedule of controlled substances. *Mellouli*, 135 S. Ct. at 1990-91.

*Mellouli* and *Madrigal-Barcenas* do not hold that no conviction for possession of drug paraphernalia is a removable offense. Both *Mellouli* and *Madrigal-Barcenas* left open the question whether a conviction for possession of drug paraphernalia could be a removable offense under the modified categorical approach:

> In such cases, "a court may determine which particular offense the noncitizen was convicted of by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea." . . . Off limits to the adjudicator, however, is any inquiry into the particular facts of the case.

*Mellouli*, 135 S. Ct. at 1986 n.4 (citations omitted). The Ninth Circuit remanded its case to the Board of Immigration Appeals for consideration whether the modified categorical approach would apply to a Nevada drug-paraphernalia conviction. *Madrigal-Barcenas*, 797 F.3d at 645.

I do not have the necessary information to rule upon the potential application of the modified categorical approach. Ramirez-Rivera did not attach any state-court documents of his

---

[2] For the purposes of removal, the Ninth Circuit found no material difference between the Kansas statute at issue in *Mellouli* and Nevada's statute at issue in *Madrigal-Barcenas*. 797 F.3d at 645.

drug-paraphernalia case. Likewise, the respondents did not attach any of those documents to their response.

Even if I had the necessary information rule under the modified categorical approach, and even if I ruled in Ramirez-Rivera's favor, this would not be the end of his efforts to obtain relief from removal. First, Ramirez-Rivera still would need to obtain a waiver of his marijuana-possession conviction as a reason for removal. Second, the petitions to adjust his status still would need to be approved.

I do not have jurisdiction to rule on those two issues. 8 U.S.C. § 1252(g). Ramirez-Rivera would need to present those issues through the administrative process. Judicial review would then occur through the procedures outlined in 8 U.S.C. § 1252. Habeas corpus is not part of those procedures. Ramirez-Rivera must return to the Board of Immigration Appeals to obtain relief, whether now or later.

Faced with a similar situation in *Madrigal-Barcenas*—a question whether the modified categorical approach worked for a drug-paraphernalia conviction and a request for a cancellation of removal—the Ninth Circuit remanded the case to the Board of Immigration Appeals. 797 F.3d at 645. Remand is not possible in this case because this is a habeas corpus action, not a petition for judicial review.

Under these circumstances, the respondents' suggestion—that I stay this action while Ramirez-Rivera pursues his administrative remedies and judicial review—is the better approach.[3] I will maintain the stay of removal of Ramirez-Rivera from the United States while he pursues his administrative remedies and judicial review.

IT THEREFORE IS ORDERED that this action is **STAYED** while Ramirez-Rivera presents his claim under *Mellouli v. Lynch*, 130 S. Ct. 1980 (2015), to the Board of Immigration Appeals.

---

[3] I am not persuaded by Ramirez-Rivera's argument that he should not need to return to the Board of Immigration Appeals. He states that the BIA had the opportunity to consider *Mellouli sua sponte* in his January 23, 2018 motion to reconsider. ECF No. 12, at 2. However, in the petition, Ramirez-Rivera alleges that prior counsel did not present the *Mellouli* issue to the BIA in that motion to reconsider. ECF No. 1, at 10. I cannot call another attempt to reopen his immigration case futile, because Ramirez-Rivera has not yet presented the *Mellouli* issue to BIA.

IT FURTHER IS ORDERED that the stay of deportation or removal of Ramirez-Rivera from the United States, entered on April 5, 2019, will remain in effect pending further order of this court.

IT FURTHER IS ORDERED that the prevailing party in the proceedings before the Board of Immigration Appeals and any judicial review must file a motion to reopen and to lift the stay of deportation or removal within 21 days of the conclusion of those proceedings. Further, Ramirez-Rivera or the respondents may move to reopen the action and seek any relief appropriate under the circumstances.

IT FURTHER IS ORDERED that the clerk of court shall administratively close this action until such time as the court grants a motion to reopen the action.

DATED: April 22, 2019.

_____
ANDREW P. GORDON
United States District Judge